[No. 18798. Department One. December 10, 1924.]

JOHN C. DICKSON et al., Appellants, v. NANCY E. PHILLIPS et al., Respondents.[1]

BROKERS (4)—ESTOPPEL (35-1, 62)—PRINCIPAL AND AGENT (35)—APPARENT AUTHORITY—ACTOR AND ANOTHER EQUALLY BLAMELESS. A real estate agent, authorized to procure a purchaser and receive the consideration for the sale of land, payments for which were to be made at his office, is more than a mere broker, and acts within the apparent scope of his authority in delivering a deed, apparently regularly and properly executed, but which was in fact a forgery, and in collecting money which he embezzled; and his principal, as the one of two innocent parties whose act made the fraud possible, must stand the loss suffered by the innocent purchaser through the void deed and embezzlement.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 8, 1924, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

H. E. Peck, for appellants.

Roy D. Robinson and A. C. Durham, for respondents.

HOLCOMB, J.—This action was brought to have a deed to certain real estate declared to be a forgery, and set aside and cancelled on that ground, and the title quieted

[1]Reported in 230 Pac. 630.

in appellants as against respondents, and any and all claiming under them. After a trial upon the issues framed by the amended complaint, answers and replies to the affirmative answers, the trial court directed respondents to deliver to appellants a quitclaim deed of the land in controversy, upon the payment by appellants to them of the sum of $487. It was also provided that, in case appellants fail to pay that sum within sixty days, appellants were directed to execute and deliver to Nancy E. Phillips a quitclaim deed to the land.

Appellants claim that the court erred in requiring them to pay respondents Nancy E. Phillips the sum of $487 in order to recover their property; and in refusing to adjudge the deed purporting to convey the land to respondent Nancy E. Phillips to be null and void, and quieting their title in the land.

Appellants had been the owners of the land, which was unimproved and unenclosed, for more than eight years. On March 20, 1920, appellants executed a contract of sale of the property to one Lippincott. This transaction was negotiated by one C. E. Dibble, a real estate agent, who procured a purchaser for appellants. A contract and a duplicate contract of sale was executed by appellants, and by Lippincott, one copy of which was retained by appellants, the other by Dibble. The contract provided that, after the payment of fifty dollars in cash, received at the time the transaction was entered into, ten dollars or more should be paid each month to the vendors (appellants). A number of payments were thereafter made each month by Lippincott to Dibble; and according to the installments credited by appellants, Lippincott had paid the sum of $180 on the contract; and according to the credits made by Dibble, Lippincott had paid, and Dibble had received, $310 on the contract. The difference between the $180 and

the $310 received by Dibble from Lippincott, was apparently embezzled by Dibble.

About May 12, 1922, Lippincott ceased to make any payments on the contract. The contract provided for the payment of a total of $950 as the purchase price. When Lippincott ceased to make payments to Dibble on the contract, Dibble finally informed appellants that Lippincott had ceased to make payments, and that they had better cancel and forfeit the contract, and he would find another purchaser. This he was authorized to do. He accordingly inserted an advertisement in a Seattle newspaper of a real estate contract for sale. Brown, son-in-law and agent of Mrs. Phillips, saw the advertisement, answered it in person at the office of Dibble, and finally negotiated for the purchase of the contract and the vendors' interest in the real estate at a discount of twenty per cent from the amount remaining due on the Lippincott contract of $640.

Dibble informed Brown that it would be necessary for him (Dibble) to confer with his principals, and upon the return of Brown, later, Dibble informed him that his clients were willing to accept the twenty per cent discount. Thereupon Brown examined the real estate for his principal and approved it; Dibble secured from appellants their abstract of title for the premises, which was brought down to date, delivered it to Brown for his examination, and the title was approved. In order to vest the title of appellants as vendors in the Lippincott contract in the purchasers, it was agreed that the deed to the premises should be delivered to the respondents subject to the conditions of the Lippincott contract. The Lippencott contract accordingly was never forfeited or cancelled. The deed in question was then delivered to Brown acting for Mrs. Phillips, together with the abstract of title. At the trial, it was

proven beyond question that the deed had been forged by Dibble, and was not the deed of appellants. It is therefore void.

All payments made by Lippincott to appellants were made to and through Dibble as their agent. Dibble was authorized to procure a new purchaser for the real estate by appellants.

It will thus be seen that Dibble was more than a mere real estate broker, as is contended by appellants, and was their agent to procure a purchaser and receive the consideration for the sale of the land. In other words, he had apparent authority to do all that he did do in regard to the land, and deliver the deed. He received the sum of $487 from respondents, which he embezzled. The Lippincott contract, which appellants had executed and which was shown Brown as agent of Mrs. Phillips, provided that payments thereon should be made at the office of Dibble at "648, New York Block, Seattle."

It is elementary that the principal is bound by the acts of his agent, committed during the course of the apparent authority of such agent. *Caughren v. Kahan,* 86 Wash. 356, 150 Pac. 445; *Easton v. Littooy,* 91 Wash. 648, 158 Pac. 531. And this principle applies even to fraudulent acts committed by such agent, if within the apparent scope of the authority of the agent.

It was within the apparent authority of Dibble, as agent for appellants, to procure and deliver the deed. It was while he was thus apparently engaged that the fraudulent act was committed. Respondents paid their money to him for appellants, and relied upon appellants' agent to secure the deed for the property properly signed, subject to the provisions of the contract. The deed was apparently regular, properly executed and acknowledged before a notary, and there was noth-

ing to put respondents upon notice that the agent was committing a wrong upon appellants.

There is no question about the good faith of either the appellants or respondents. The misfortune is that appellants put themselves into the hands of a thoroughly dishonest agent, by whose misconduct they made the fraud possible. There is no distinction possible between this case on its facts and the cases of *Kucher v. Scott,* 96 Wash. 317, 165 Pac. 82, and *Bayley v. Paris,* 106 Wash. 248, 179 Pac. 795.

Upon the rule announced in those cases, the judgment must be and is affirmed.

MAIN, C. J., FULLERTON, PARKER, and MACKINTOSH, JJ., concur.